IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02569-WDM-KLM

CLAYTON B. PHILLIPS,

    Plaintiff,

v.

ROBERT STEINBECK, Lieutenant for The Colorado Dept. Of Corrections,
    Individually and in His Official Capacity, and
TIMOTHY RITTER, Lieutenant for The Colorado Dept. Of Corrections,
    Individually and in His Official Capacity,

    Defendant(s).

---

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    Plaintiff filed a motion [Docket No. 84; Filed March 14, 2008] requesting that the court appoint counsel to represent him.[1] The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

    The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration

---

[1] Plaintiff previously moved for the appointment of counsel [Docket No. 4] at the inception of his case, but the motion was denied as premature [Docket No. 19].

of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. Moreover, given the Court's pending Recommendation to deny, in part, Defendants' motion to dismiss based on Plaintiff's arguments, the Court is further persuaded of Plaintiff's abilities to proceed without representation. The legal issues that remain, should the Recommendation be accepted, are not overly complex, novel, or difficult to state or analyze.

The fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel. Accordingly, based on the foregoing and the entire record herein,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Reconsideration for

2

Appointment of Counsel [Docket No. 84; Filed March 14, 2008] is **DENIED**.  To the extent that Plaintiff also requests that the Court contact potential counsel named by Plaintiff in his Motion, the Motion is **DENIED**.  Although Plaintiff has informed the Court that he is unable to correspond with potential counsel via telephone, it does not appear that he is prevented from corresponding with potential counsel via letter.

Dated at Denver, Colorado, this 21th day of March, 2008.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge