IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-02569-WDM-KLM

CLAYTON B. PHILLIPS,

    Plaintiff,

v.

ROBERT STEINBECK, Lieutenant for the Colorado Dept. Of Corrections, Individually
    and in his Official Capacity, and
TIMOTHY RITTER, Lieutenant for the Colorado Dept. Of Corrections, Individually and
    in his Official Capacity,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kristen L. Mix (doc no 78) issued March 3, 2008 that Defendants' Motion to Dismiss (doc no 38) be granted in part and denied in part. Plaintiff filed a timely objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I accept Magistrate Judge Mix's recommendation.

I have reviewed the pertinent portions of the record in this case, including the complaint, the Motion to Dismiss and Memorandum in support of the motion, Plaintiff's response, the recommendation, and Plaintiff's objection. Plaintiff's claims arise from incidents occurring while he was incarcerated at the Arkansas Valley Correctional Facility ("AVCF"). The underlying facts are thoroughly set forth in Magistrate Judge Mix's

recommendation and I will not repeat them in detail here.  In short, Plaintiff testified at a disciplinary hearing of another prisoner but was not sworn in or advised, in violation of prison regulations, that his statements could be used against him.  Based on this testimony, Defendant Steinbeck initiated two Code of Penal Discipline ("COPD") charges against Plaintiff, which Plaintiff contends were "falsified."[1]  At the hearing, Defendant Ritter, who acted as prosecuting officer, allegedly stated under oath that he had listened to a tape of the previous hearing and that Plaintiff had been properly sworn in and advised.  Plaintiff was not permitted to present as evidence the tape of the earlier hearing.  The hearing officer found Plaintiff in violation of COPD regulations and imposed a penalty of loss of good time credits and loss of privileges.  Upon Plaintiff's appeal, Associate Warden Steve Hartley found that Plaintiff in fact was not under oath at the initial hearing; all charges and penalties were expunged from Plaintiff's record.

Thereafter, Plaintiff mailed a letter to the Colorado Attorney General's Office and submitted a notice of intent to sue, based on Plaintiff's contention that Ritter and Steinbeck had committed misconduct and perjury.  Plaintiff claims that the defendants then retaliated against him by falsely leading other prisoners to believe that Plaintiff was the "snitch" responsible for the initiation of disciplinary action against them.  Defendant Steinbeck allegedly told Plaintiff, "That's what you get for trying to have criminal charges filed against me and Ritter and for wanting to be such a hot shot jailhouse lawyer."  Plaintiff filed a

---

[1]The disciplinary charges were based on Plaintiff's allegedly admitting "under oath" that he had taken two hamburger patties and traded them for ice cream from another inmate, leading to COPD charges of "theft" and "bartering."  Plaintiff asserts the charges are false because he was not under oath at the first hearing.

grievance against the defendants. Plaintiff was also assaulted by other prisoners, allegedly because they believed he was an informant.

Plaintiff asserts the following claims for relief: (1) denial of due process based on the failure to place Plaintiff under oath before his testimony and to warn him that his statements could be used against him, as required by prison regulations; (2) denial of equal protection and due process based on Steinbeck's allegedly false misconduct charges; (3) denial of equal protection and due process based on Ritter's allegedly false testimony at Plaintiff's disciplinary hearing; (4) denial of access to courts under the First Amendment; and (5) denial of First Amendment, due process, equal protection, and Eighth Amendment protections based on Defendants' alleged retaliatory actions in falsely labeling Plaintiff as an informant.[2]

Magistrate Judge Mix recommends the following, based on the defenses raised in the Motion to Dismiss:

1. Plaintiff's official capacity claims should be dismissed because they are essentially claims against the state and are barred by sovereign immunity.

2. Plaintiff's claims are not barred by the statute of limitations.

3. Plaintiff has alleged sufficient facts to overcome Defendants' defense of qualified immunity on Plaintiff's First Amendment access to the courts and Eighth Amendment claims, based on the events occurring after Plaintiff's disciplinary conviction was expunged.

---

[2]Plaintiff's Claim Five also includes a "privileges and immunities" violation, but Plaintiff appears to have abandoned this portion of the claim.

3

4. Plaintiff's due process claims fail because Plaintiff's facts do not demonstrate that he was deprived of a liberty or property interest protected by the Constitution. Plaintiff's equal protection claims fail because Plaintiff has alleged no dissimilar treatment or suspect classification.

5. Plaintiff's First Amendment and Eighth Amendment claims are not barred by the Prison Litigation Reform Act ("PLRA").

Plaintiff claims error regarding several of these recommendations, which I address in turn.

First, Plaintiff argues that the defendants "are not immune from liability in their official capacities for declaratory and/or injunctive relief." In their Motion to Dismiss, Defendants only sought dismissal of the claim for damages against Defendants in their official capacities and Magistrate Judge Mix's recommendation so notes. However, Magistrate Judge Mix also recommended dismissal of the claims for injunctive relief on non-immunity grounds. Specifically, she concluded that Plaintiff has not alleged facts showing a "policy or custom" of the Colorado Department of Corrections ("CDOC") or State of Colorado that gave rise to Plaintiff's injury; such allegations are a prerequisite to state a claim under section 1983 against an entity for the unconstitutional actions of its employees. *Monell v. New York City of Social Servs.*, 436 U.S. 658 (1978). Plaintiff argues that because he was transferred back to Defendants' custody pursuant to the CDOC's official policy and custom of transferring prisoners, he can satisfy this requirement. This argument is unavailing; Plaintiff's alleged constitutional injuries arose from Defendants' alleged false reporting and testimony and retaliatory actions in falsely

4

labeling Plaintiff as an informant. To assert a claim against Defendants in their official capacity, Plaintiff must demonstrate that these actions were pursuant to an official custom or policy of the CDOC, and Plaintiff has alleged no facts from which I could infer this.[3]

Plaintiff also alleges that Defendants' cannot assert immunity in their official capacity because, under the Colorado Government Immunity Act ("CGIA"), immunity is not waived for willful and wanton conduct of state employees. *See* C.R.S. §§ 24-10-118(1)(c), (2)(a). However, these provisions apply only to suits against state employees (i.e., individual capacity liability) and do not mean that willful and wanton conduct by an individual employee will be attributable to the state where immunity has not otherwise been waived. Accordingly, I agree with Magistrate Judge Mix that Plaintiff's official capacity claims should be dismissed.

Plaintiff also objects to the dismissal of his due process claims (Claims One to Three), which are based on the Defendants' failure to adhere to procedural requirements in the initial disciplinary hearing and for their alleged false statements afterwards. Magistrate Judge Mix determined that Plaintiff did not have a liberty interest in prison regulations governing administration of an oath at disciplinary hearings, regulations requiring the advisement of a *Miranda*-like warning before an inmate gives testimony at a disciplinary hearing, or in various regulations and statutes requiring prison officials to be truthful in initiating disciplinary charges and in giving testimony. Moreover, to the extent

---

[3]Plaintiff also argues that the CDOC has a policy or custom of accepting the testimony of staff over that of inmates, thereby allowing the perjured testimony to occur. Plaintiff's allegations in this regard are conclusory and, even if properly included in his complaint, would not help his official capacity claims to survive.

5

that Plaintiff was deprived of a liberty or property interest in his good time credits as a result of Defendants' actions, those had been restored to him after his administrative appeal and so Plaintiff had received an adequate post-deprivation remedy.

I agree with Magistrate Judge Mix that Plaintiff was not deprived of a protected liberty interest as a result of the Defendants' failure to adhere to prison regulations requiring that Plaintiff be put under oath before testifying and be warned of the possibility that his testimony could be used against him thereafter. The Supreme Court has held that although states may under certain circumstances create liberty interests which are protected by the Due Process Clause, these interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). The touchstone of the due process inquiry is not the precise language of a state's regulations regarding conditions of confinement but rather "the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). As noted by Magistrate Judge Mix, the adherence or failure to adhere to these procedural regulations did not alone create or prevent "atypical or significant hardship" to Plaintiff.[4] Moreover, I note that there is no constitutionally protected right to a *Miranda-*

---

[4] I do not consider the loss of Plaintiff's good time credits in this analysis since they were returned to him. Moreover, I note that Plaintiff does not dispute that he admitted the acts that could constitute "theft" and "bartering;" he just denies making the admission under oath.

type warning in a prison disciplinary proceeding. *See Dennison v. United States,* 173 F.3d 863 (Table), 1999 WL 218482 at *2 (10th Cir. 1999).

Plaintiff argues that Colorado state courts recognized a liberty interest in the *Miranda*-type warning in *Gallegos v. Garcia*, 155 P.3d 405 (Colo. App. 2006). *Gallegos*, however, was a simple administrative appeal of a disciplinary conviction in which a division of the Colorado Court of Appeals held that the failure to give the required warning merited reversal of the conviction. The Court of Appeals did not consider or rule on whether this omission gave rise to a constitutional due process claim.

Magistrate Judge Mix also determined that, under *Sandin*, no liberty interest was created by various regulations and statutes requiring Defendants to be truthful. I agree in general, and note that courts in other jurisdictions have held that prisoner claims of false reports by prison officials do not give rise to a due process claim provided the disciplinary proceedings otherwise are adequate. *See, e.g., Smith v. Messinger,* 293 F.3d 641, 654 (3d Cir. 2002) (because prisoner had a hearing and could challenge prison official's alleged perjury in a disciplinary proceeding, prisoner had received adequate due process); *Freeman v. Rideout*, 808 F.2d 949, 951-2 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest;" filing of false disciplinary charges does not give rise to *per se* constitutional violation, provided the inmate is given an adequate hearing and opportunity to rebut the false charges pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Indeed, it is apparent that the procedures provided were adequate, as Plaintiff was vindicated in his administrative appeal and he ultimately

7

suffered no official penalty as a result of the Defendants' alleged false statements.[5]

In his objections, Plaintiff argues that the alleged false statements were in retaliation for Plaintiff's "exercising his constitutional right to testify" at the other inmate's disciplinary hearing. Access to courts is a fundamental right protected by the Constitution, including the First Amendment right to petition the government for redress of grievances. *Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir. 1985). "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948. However, a prisoner is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prisons merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Accordingly, a plaintiff must allege "specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"–i.e., the plaintiff must prove that "but for" the retaliatory motive, the adverse response would not have taken place. *Id.* (citations omitted).

Even if testifying in the disciplinary proceeding of another inmate were activity protected by the First Amendment, Plaintiff has alleged no specific facts from which I could infer that the subsequent disciplinary charges were because Plaintiff had exercised this right, rather than because Plaintiff had actually admitted to conduct that could amount to violations of the COPD. Plaintiff argues that his case is similar to *Zarska v. Higgins*, 171

---

[5]I would not hold that an inmate could never state a due process claim based on egregious falsehoods by a prison official, particularly if serious harm resulted to the inmate, but such circumstances are not present here.

Fed. Appx. 255 (10th Cir. 2006), another First Amendment retaliation case. In *Zarska*, the inmate plaintiff provided an affidavit regarding misconduct he had observed committed by a corrections officer, who then retaliated against the plaintiff. By contrast, Plaintiff has alleged no facts from which I could conclude that Plaintiff's testimony involved misconduct by either defendant or otherwise gave them a motive to retaliate against him. Accordingly, I will overrule this objection. Plaintiff also argues that "to have staff blatantly commit perjury" is an "atypical and significant hardship" under *Sandin*. In light of the authorities cited above, and the lack of any Tenth Circuit or Supreme Court precedent in support of Plaintiff's argument, this objection is also overruled.

Plaintiff makes a number of other arguments, but they do not suffice to demonstrate that he could plausibly establish a due process, equal protection, or First Amendment retaliation claim based on his allegations in Claims One to Three. Accordingly, I agree with Magistrate Judge Mix that these claims should be dismissed.[6]

Finally, Plaintiff argues that the temporary deprivation of his good time credits states a due process claim, again relying on *Zarska.* I disagree. In *Zarska*, the Tenth Circuit held that the dismissal of the retaliatory disciplinary charge was not an adequate remedy for the chilling effect occasioned by the corrections officer's actions. *Zarska* did not involve due process issues and, as discussed, Plaintiff's facts are insufficient to support an inference of retaliation. Moreover, there is other unpublished Tenth Circuit authority supporting the conclusion that a due process claim for loss of good time credits is moot if those credits

---

[6]Plaintiff also argues that he should be permitted to amend his complaint. Plaintiff may seek to amend in a separate filing if he wishes, but I will not grant such a request before a proper motion has been made.

are returned. *Brown v. Chandler*, 111 Fed.Appx. 972, 977 (10th Cir. 2004).

Magistrate Judge Mix also recommends dismissing the due process portion of Plaintiff's Claim Five, which rests on the Defendants' allegedly falsely informing other inmates that Plaintiff was a snitch. Although no analysis is provided in this regard, I agree that Plaintiff's right to relief for the harm alleged here is most appropriately analyzed under the Eighth or First Amendment, rather than as a procedural or substantive due process issue. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular amendment 'provides an explicit textual source of constitutional protection,' against a particular sort of government behavior, 'that amendment not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.")

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Mix (doc no. 78) is accepted.
2. Defendants' Motion to Dismiss (doc no 38) is granted in part and denied in part.
3. Plaintiff's Claims One to Three, his equal protection claims, the due process portion of his Claim Five, and his claims against Defendants in their official capacities are dismissed. Plaintiff's Claims Four (denial of access to courts under the First Amendment) and Five (denial of First Amendment and Eighth

Amendment protections) remain pending against the Defendants in their individual capacities.

DATED at Denver, Colorado, on March 26, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge