IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02569-WDM-BNB

CLAYTON B. PHILLIPS,

    Plaintiff,

v.

ROBERT STEINBECK, and
TIMOTHY RITTER,

    Defendants.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Combined Motion for Summary Judgment (doc no 141) filed by Defendants. Plaintiff opposes the motion. I have reviewed the parties' written arguments and find oral argument is not required. For the reasons that follow, Defendants' motion will be granted with respect to Defendant Ritter and denied with respect to Defendant Steinbeck.

### Background[1]

This is a 42 U.S.C. § 1983 prison inmate civil rights case. During the relevant time period, Plaintiff was incarcerated at the Arkansas Valley Correctional Facility ("AVCF"). On or around November 16, 2004, he was asked to testify at a Code of Penal Discipline ("COPD") hearing concerning another inmate named Castanon. Defendant Ritter was the hearing officer. Ritter advised Plaintiff that Plaintiff did not

---

[1] The facts set forth here are taken from the parties' briefs and exhibits and are undisputed unless otherwise noted.

have to testify if he did not want to.  Plaintiff agreed to testify; during the hearing, he admitted to taking two hamburger patties from food services and providing them to Castanon.  As a result, on November 19, 2004, Plaintiff was charged under the COPD for theft and bartering.  A COPD hearing was held on November 23, 2004, with Defendant Ritter servicing as the disciplinary officer.  Plaintiff was convicted of both charges.  Plaintiff alleges that Defendant Steinbeck falsely reported that Plaintiff had been under oath when he admitted to taking the hamburger patties and that Defendant Ritter similarly falsely testified at Plaintiff's COPD hearing.

Plaintiff successfully appealed the convictions, arguing that he had not been properly sworn in as a witness at the Castanon hearing.  The AVCF Associate Warden reviewed the appeal and requested that Defendants review the tape of the Castanon hearing to determine whether Plaintiff had been under oath when he made his admissions.  It was determined that Plaintiff had not been sworn in before he gave his testimony; as a result, Plaintiff's convictions for theft and bartering were reversed and expunged.

Plaintiff thereafter began an extensive campaign to have Defendants Ritter and Steinbeck sanctioned or prosecuted for their alleged perjury at his COPD hearing, including filing grievances and legal documents to compel the district attorney to bring criminal charges against the Defendants.  Plaintiff was unsuccessful in obtaining further relief; the last event relating to Plaintiff's efforts was on or around August 30, 2005, when a telephonic hearing occurred in a state court proceeding.

A few months later, in November 2005, inmates Michael Cusick and David Ramsey were accused of assaulting a third inmate, Jason Dieter.  Plaintiff was

implicated in events surrounding the assault, as he allegedly took some property from Dieter before the assault.  Defendant Steinbeck was the disciplinary officer involved in the COPD hearings of Cusick and Ramsey; Defendant Ritter was the hearing officer.  It was apparent in the hearing and in the subsequent administrative segregation hearings, which did not involve Defendants, that the evidence against the inmates came from a confidential informant.  The informant was not identified and no evidence was presented in the hearings that would have revealed his identity.[2]  The inmates suspected the informant was Plaintiff; in fact, however, the informant was the victim of the assault.  Cusick and Ramsey were both convicted of the COPD charges and placed in administrative segregation.  Defendants deny that they engaged in any conduct that would have led anyone to believe that Plaintiff was the confidential informant.

      In January 2006, Plaintiff was assaulted by three inmates.  During the attack, Plaintiff's assailants said something like, "Fucking die you piece of shit rat mother fucker, even the police said you snitched on Mickey."  Plaintiff suffered injuries and was placed in segregation and ultimately moved to another facility.  He was returned to AVCF around November 2006.  Plaintiff contends he has continued to be assaulted and harassed by other inmates because of the belief that he is an informant.  Plaintiff contends that before the assault occurred, he learned that Defendant Steinbeck had led inmates to believe that Plaintiff was the snitch.  Plaintiff provides his own affidavit and

---

[2]Plaintiff alleges that before the hearing a tape was played that had Plaintiff's voice on it, leading Ramsey or Cusick to believe Plaintiff was the informant.  However, Plaintiff has no admissible evidence to support this assertion.  The affidavit of Michael Windsor (Ex. 3 to Response to Motion for S.J.) contains only inadmissible hearsay and does not support Plaintiff's allegation in this regard.

an affidavit from another inmate concerning a confrontation he had with Steinbeck. According to Plaintiff and his witness, Plaintiff asked Steinbeck why Steinbeck lied about Plaintiff snitching on Ramsey and Cusick. Steinbeck allegedly responded by saying something like, "Well, you should have thought of that before you tried to have charges filed against me and Ritter, or tried us to get us fired with your letters. You wanted to be a hot shit jailhouse lawyer, so deal with this." Steinbeck denies making this statement.

Plaintiff filed this lawsuit asserting several claims for relief. Several claims were dismissed in my order (doc no 90) resolving a motion to dismiss filed by Defendants, leaving pending Plaintiff's claims of retaliation in violation of his rights under the First Amendment and violation of the Eighth Amendment. Defendants seek summary judgment on both claims.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

Discussion

1. First Amendment Retaliation

Access to courts is a fundamental right protected by the Constitution, including the First Amendment right to petition the government for redress of grievances. *Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir. 1985). "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948. However, a prisoner is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prisons merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Accordingly, a plaintiff must allege "specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"–i.e., the plaintiff must prove that "but for" the retaliatory motive, the adverse response would not have taken place. *Id.* (citations omitted).

Defendants argue that Plaintiff has no evidence to demonstrate that he was retaliated against because of his legal proceedings. I disagree with respect to Defendant Steinbeck. Plaintiff has presented evidence which, if credited by a reasonable jury, could establish that Defendant Steinbeck led Ramsey, Cusick, or their associates to believe that Plaintiff was an informant, thereby subjecting him to danger from other inmates. Plaintiff's alleged confrontation with Steinbeck could be construed as an admission by Steinbeck that he exposed Plaintiff to the risk of being assaulted by other inmates in retaliation for Plaintiff's efforts to get Steinbeck and Ritter fired or prosecuted.

In contrast, Plaintiff has no such evidence with respect to Defendant Ritter. Other

than vague references by Plaintiff's assailants to "the police," Plaintiff presents no facts indicating a link between Ritter and the alleged retaliatory act (labeling Plaintiff as a snitch). Accordingly, I agree that summary judgment should enter in favor of Defendant Ritter. However, because of the factual disputes regarding Defendant Steinbeck's alleged statements, summary judgment is not appropriate concerning this defendant.

2. <u>Eighth Amendment</u>

Under the Eighth Amendment, prison officials must "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is "'sufficiently serious' " to implicate constitutional protection, and (2) prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In order to satisfy the first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference, the second requirement, "entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. This standard is equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37. Labeling an inmate a snitch satisfies this standard and constitutes deliberate indifference to the safety of that inmate. *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

Defendants again seek summary judgment on the grounds that "Plaintiff has no

evidence that Defendants labeled him a snitch." As described above, I agree with respect to Defendant Ritter but not with respect to Defendant Steinbeck.

    3.    <u>Qualified Immunity</u>

Defendants contend that they are entitled to qualified immunity. "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999). Once a defendant has raised qualified immunity as an affirmative defense, the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that the court has discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 129 S. Ct. at 818.

Defendants' argument in this regard rests on their contention that Plaintiff cannot establish that his constitutional rights were violated. As discussed above, Plaintiff has presented adequate evidence to establish his claims with respect to Defendant Steinbeck. Moreover, as the cited case law demonstrates, these rights were clearly established at the time. Therefore, Defendant Steinbeck is not entitled to qualified immunity.

Accordingly, it is ordered:

1.    Defendants' Combined Motion for Summary Judgment (doc no 141) is granted in part and denied in part.

2. Summary judgment shall enter in favor of Defendant Ritter and against Plaintiff on all claims asserted against Defendant Ritter. The claims against Defendant Steinbeck remain pending.

3. Defendant Ritter may have his costs.

DATED at Denver, Colorado, on July 13, 2009.

                                  BY THE COURT:

                                  s/ Walker D. Miller
                                  United States Senior District Judge